## COMMONWEALTH *vs.* ANDREW GROVER.

Upon an indictment, returned since the General Statutes took effect, for unlawfully administering, before their passage, to a woman pregnant with child a noxious thing with intent to procure her miscarriage, a conviction cannot be had under the Gen. Sts. c. 165, § 9, which do not limit the offence to the case of a pregnant woman; but may be had under the *St.* of 1845, c. 27, upon proof that the defendant did the act alleged to a woman pregnant with child when it was done.

INDICTMENT, returned at September term 1860 in Norfolk, for feloniously, maliciously and without lawful justification administering on the 1st of March 1860 to a woman pregnant with

child a certain noxious thing, with intent thereby to cause and procure her miscarriage; against the peace of the Commonwealth, and contrary to the form of the statute in such case made and provided.

At the trial in the superior court, it appeared that the offence was committed before the General Statutes took effect, and the defendant asked that the jury might be instructed that the indictment could not be sustained under the Gen. Sts. *c.* 165, § 9, or under any law existing at the time of the commission of the alleged offence, because such law was expressly and by implication repealed by the General Statutes.

But *Putnam,* J. declined so to rule; and instructed the jury "that the defendant was properly indicted, and could be properly convicted under the section and chapter referred to, and that the indictment was good under the same." The jury returned a verdict of guilty, and the defendant excepted.

*E. Worthington,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. The jury were wrongly instructed that the defendant might be convicted under the Gen. Sts. *c.* 165, § 9; because those statutes were not in force when the alleged offence was committed. The defendant, if guilty, is liable under *St.* 1845, *c.* 27, which is still in force as to offences committed previously to its being repealed. Gen. Sts. *c.* 181, § 5. As the jury, under the instructions given to them, might have convicted the defendant without proof that the woman was "pregnant with child," which they could not do under the *St.* of 1845, the conviction cannot be sustained. The indictment is well framed on *St.* 1845, *c.* 27, which is still in force as to the offence charged against the defendant; and he may legally be convicted under the statute, on a new trial, if proof is given that he did the act alleged to a woman pregnant with child when it was done.

*Exceptions sustained.*